Supreme Court—Koplow v. Hiczwa.

---

ROBERT KOPLOW AND JACOB SCHOMER v. JOHN HICZWA.

Decided November 12, 1926.

Negligence—Collision Between Taxicab and Jitney Bus—Injury to Taxi Driver and His Passenger—Verdict For Defendant, Bus Owner, Set Aside on Ground That Evidence was Convincing That Collision Resulted From Negligent Driving of Bus, and Whether There was Contributory Negligence or Not, Passenger in Cab Had Right of Compensation Against Defendant.

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Weinberger & Weinberger*.

(The defendant was not represented by counsel at the argument.)

PER CURIAM.

The plaintiff Koplow was the owner of a taxicab. Schomer, the other plaintiff, was a passenger in it. While the cab was proceeding along a highway in the city of Passaic, known as Myrtle avenue, in a northerly direction, a jitney bus operated by the defendant collided with the cab at the corner of Myrtle avenue and Monroe street. The bus was traveling east on Monroe street. The collision resulted in the practical demolition of the cab and personal injury to each of the plaintiffs. The trial resulted in a verdict in favor of the defendant and against the plaintiffs.

Our examination and consideration of the evidence satisfies us that the proofs greatly preponderate in favor of the conclusion that the collision resulted solely from the negligent driving of the jitney bus by the defendant.

Even if the jury had considered that the collision was the result of the joint negligence of the two drivers, that was no reason for refusing Schomer, the passenger in the taxicab, compensation from the defendant.

In our opinion, the verdict is so clearly in disregard of the evidence that the rule to show cause should be made absolute.